# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July 20, 2011 Session

## STATE OF TENNESSEE v. JOSEPH DEAN MOORE

**Direct Appeal from the Circuit Court for Cannon County**
**No. F0982       Don R. Ash, Judge**

---

**No. M2010-02661-CCA-R3-CD - Filed January 30, 2012**

---

The defendant, Joseph Dean Moore, appeals his conviction and sentence after being found guilty by a Cannon County jury on the charge of failure to appear, a Class E felony. On appeal, the defendant contends that the evidence is insufficient to support his conviction, arguing that his resolve to kill himself constituted a good, reasonable excuse for failing to appear at a legal proceeding. Further, he contends that the maximum sentence of four years, as a Range II offender, was excessive and that he should have been given an alternative sentence of probation. Concluding that no reversible error occurred upon this record, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Luke A. Evans, Caleb B. McCain, and James T. Pinson, Murfreesboro, Tennessee, for the appellant, Joseph Dean Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and David L. Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

While on probation for two Cannon County felony convictions, a violation of probation warrant was issued against the defendant. He was arrested pursuant to said warrant, and a hearing date was set for January 9, 2009. The defendant made bond and

appeared for his January 9, 2009 court date. That hearing was rescheduled for February 13, 2009, at which time the defendant again appeared. That hearing was rescheduled for March 13, 2009. It is the defendant's failure to appear in court on March 13, 2009, that resulted in the charge in the instant case.

On June 10, 2010, the defendant was tried before a Cannon County jury on the charge of failing to appear. The Assistant District Attorney General's opening remarks to the jury were brief. He stated that the defendant was arrested on a violation of probation warrant, had posted a bond, was released from jail, and failed to show up on March 13, 2009, as instructed by the court. In opening statements, defense counsel stated that "[the defendant] doesn't deny anything that the State said." Rather, defense counsel offered the jury what he contended was a reasonable excuse for the defendant's failure to appear. He proposed that the defendant, who was depressed and upset about the prospect of having to go to prison, decided he would rather take his own life. He admitted that the defendant did not show up as required by law at the hearing but noted that, after considering suicide for two months, the defendant turned himself in because he decided he could hurt the people he loved.

The parties entered a written stipulation that the charges for which the defendant was on probation at the time he failed to appear were felony convictions. Next, the State called Mary Floyd, the defendant's bonding agent, who testified that she bonded the defendant out of jail on January 9, 2009, for subsequent court appearances in the very courtroom in which she was testifying. She testified that the defendant did not show up for court on March 13, 2009, and that she attempted to locate him thereafter. She testified that she went to the address that the defendant had given her when he made bond and also called the phone number that he had given, but she was never able to locate him. She testified that she hired JJ's Recovery Agency, who found the defendant.

Next to testify was Robert H. Davenport, the Cannon County Circuit Court Clerk. Through him, the State elicited several exhibits showing the court records reflecting that the defendant did not appear in court on March 13, 2009, after being so directed and that a capias was issued against the defendant, with instructions to hold him without bond. That capias was served on the defendant on May 22, 2009.

Next, the State called Tammy Spooner, a court reporter. Through her testimony, the State introduced the transcript of a September 10, 2009 probation revocation hearing against the defendant. The transcript reflects that, during that hearing, the defendant was specifically asked if he failed to appear in court on March 13, 2009, as he knew he was supposed to do. His answer was yes, and the State rested its case.

The defendant took the stand and admitted that he did not appear for his March 13, 2009 hearing but stated that he did not do so because, on March 12, 2009, he had decided to commit suicide. He testified that he was depressed, having difficulty sleeping, and otherwise worried about "this stuff." The defendant described several scenarios of committing suicide which he had contemplated, such as throwing himself in front of a semi trailer, ending his life with a gun, and throwing himself off of a hotel balcony, which he testified he had attempted several times. He testified that he contemplated killing himself from March 12 until May 21, before finally deciding he could not and should not go through with it. He then turned himself in at the Cannon County Jail. The defense rested following this testimony.

The jury returned a verdict of guilty as charged of failure to appear. A sentencing hearing was held on August 20, 2010. No witnesses were called; however, the State introduced fifteen exhibits considered by the trial court, and the defendant offered as a mitigating factor the fact that he turned himself in at the jail. Because this offense occurred while the defendant was out on bond, it was agreed that the law required its service to be consecutive to the defendant's prior sentence. The defendant did not dispute that he was a Range II, multiple offender. The trial court found as enhancing factors that the defendant had a previous history of criminal convictions and behavior, that he had failed to comply with conditions of sentencing, and that this offense was committed while on bond or probation. The court found as a mitigating factor that his actions neither caused nor threatened serious bodily injury to anyone. The court set the defendant's sentence at four years in the state penitentiary, concluding that he was not a good candidate for probation. The defendant has now timely appealed.

**Analysis**

On appeal, the defendant contests his conviction and sentence. Specifically, he contends that: (1) the evidence was insufficient to support his conviction; (2) his four-year sentence is excessive; and (3) he was improperly denied an alternative sentence, specifically probation.

The State requests that this appeal be dismissed because of failure to file a timely notice of appeal. While the State is technically correct that the notice of appeal was filed one day past the deadline, the notice of appeal document is not jurisdictional, and the filing of such document may be waived in the interest of justice. *See* Tenn. R. App. P. 4(a). In the instant case, during oral argument, defendant's counsel presented sufficient information to merit this court's excusing the late filing in the interest of justice.

## I. Sufficiency of the Evidence

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

The defendant was convicted of failure to appear. Under Tennessee Code Annotated section 39-16-609 (2010), "[i]t is unlawful for any person to knowingly fail to appear as directed by a lawful authority if the person . . . [h]as been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding . . . at a specified time or place." There can be no question that the evidence presented, viewed in the light most favorable to the State, establishes the elements of the crime. Indeed, the defendant admits that he failed to appear at the court hearing on the required day. Rather, the defendant's entire sufficiency argument centers around the part of the statute which provides that "[i]t is a defense to prosecution under this section that . . . [t]he person had a reasonable excuse for failure to appear at the specified time and place." *Id.* at (b)(2).

The defendant's asserted "reasonable excuse" was his decision to commit suicide. According to him, "[t]he resolution of a man to kill himself constitutes a good, reasonable

-4-

excuse for failing to appear at a legal proceeding." He further states that "if life is soon to be over, then there is no point in wasting everyone's time, including the Court's by appearing for a legal hearing." We cannot concur with the defendant's argument that his alleged decision, which he continued to harbor for over two months without acting upon, constitutes a "reasonable excuse" for his absence at the hearing.

Indeed, as pointed out by the State, evidence of the defendant's intent to commit suicide was placed before the jury. It was the jury's function to determine whether the claim was truthful and, even if truthful, whether the excuse was reasonable. The jury heard the testimony and, based upon their verdict, did not resolve the determination in the defendant's favor. On appeal, as we have repeatedly noted, it is not the function of this court to disturb the jury's findings by drawing different inferences from the evidence or by making different determinations of evidentiary weight and credibility. *See Bland*, 958 S.W.2d at 659. Because we have concluded that the evidence was sufficient to support the conviction, the defendant is entitled to no relief on this issue.

## II. Length of Sentence

Next, the defendant challenges the length of the four-year Range II sentence imposed by the trial court as excessive and "out of proportion to the crime" of failure to appear. The defendant contends that he does not seek to depreciate the authority of the courts or legal system but argues that failure to appear is a much less serious crime than most offenses, as there was no harm to persons or property.

When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2010). The burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported by the record, and gave due consideration to the factors and principles that are relevant to sentencing, we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court that are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994). In conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any

statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses; (7) any statements made by the defendant on his or her own behalf; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210, -103; *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

Pursuant to the 2005 amendments, our Sentencing Act has abandoned the statutory minimum sentence and renders enhancement and mitigating factors advisory only. T.C.A. §§ 40-35-114, -35-210(c). The trial court is free to select any sentence within the applicable range if the length of the sentence complies with the purposes and principles of the Sentencing Act. T.C.A. § 40-35-210; *see also State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (noting that such principles encompass themes of punishment fitting the crime, deterrence, and rehabilitation). The trial court is required to consider, but is not bound by, certain advisory sentencing guidelines set forth in the 2005 amendments. T.C.A. § 40-35-210(c). Although the application of factors is advisory, a court shall consider evidence and information offered by the parties on the mitigating and enhancement factors in sections 40-35-113 and 40-35-114. *Id*. at (b)(5). To ensure fair and consistent sentencing, the trial court is also required to place on the record which enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence. *Id*. at (d). Once applied, the chosen enhancement factor becomes a sentencing consideration subject to review under Tennessee Code Annotated section 40-35-401(c)(2). Thus, while the court can weigh enhancement factors as it chooses, the court may only apply the factors if they are "appropriate for the offense" and "not already an essential element of the offense." T.C.A. § 40-35-114. The trial court must find facts related to sentencing by a preponderance of the evidence rather than beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

In imposing the four-year maximum sentence as a Range II offender, the trial court made the following findings on the record:

> . . . In determining the appropriate sentence the Court has considered the evidence presented at the trial, the sentencing hearing, the presentence report, principles of sentencing and arguments made as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, the entrance of information offered by the parties on mitigating and enhancing factors and statistical information provided by the Administrative Office of the Courts. Upon all that the Court finds as follows. That based upon this gentleman's prior convictions he is a [R]ange two multiple offender under 40-35-106. The State has carried the burden in regard to showing those convictions. In regard to the enhancements factors based upon the presentation made by the State they have shown that he has a previous history of criminal convictions and

behavior in addition to those necessary to establish the appropriate range. And then obviously that he failed before trial or sentencing to comply with the conditions of that sentencing. And was in fact on bond or on bail or on probation also at the time the felony was committed. Under mitigating factors under 40-35-113 it might be argued that his actions neither caused nor threatened serious bodily injury to anyone but I really cannot find any others. So based upon all that I'm going to find the appropriate sentence in this case is four years in the state penitentiary as a [R]ange two, multiple offender.

There is no dispute in this case that the trial court imposed a sentence within the applicable range nor does the defendant contest the court's application of enhancement or mitigating factors. After review, we conclude no error occurred in application of any enhancement or mitigating factors. The defendant merely asserts that the sentence is disproportionate to his crime when considered under the sentencing principles of our statute. However, the trial court considered all the required information, including those same sentencing principles challenged by the defendant, and concluded that the sentence length should be four years based upon his prior criminal history and failure to comply with sentencing terms.

The record before us supports the sentence imposed. The defendant was on bail when he committed this instant offense, had two prior probation violations and prior convictions, in addition to the statutory rape convictions relied upon to enhance the range, for felony identity theft, driving under the influence, fraud/larceny, theft, and assault. Clearly based upon the sentence imposed, the court placed great weight on the prior offenses committed by the defendant and his failure to abide by sentencing conditions. The defendant's argument of disproportionality is misplaced because the legislature has identified this crime as a Class E felony and set forth the possible range of punishment which is applicable to this crime. Our review indicates that the court considered the required principles and ordered a sentence within the applicable range. *See* T.C.A. § 40-35-112(b)(5). Therefore, the defendant is not entitled to relief on this issue.

## III. Denial of Probation

Next, the defendant contends that the trial court erred by denying his request for probation. He contends that expending prison resources for this non-serious crime is not appropriate and that the principles of sentencing establish that he should have been given a sentence less than incarceration.

Again, when an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a

presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d); *Ashby*, 823 S.W.2d at 169. This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169.

Pursuant to the 2005 sentencing amendment, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347. Instead, our statute now reads that a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony "should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id*. at 343 (citing T.C.A. § 40-35-102(6)). Evidence to the contrary may be established by showing that: (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5) (2006); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); *Boston*, 938 S.W.2d at 438.

In this case, while the defendant remains eligible for probation because his sentence was ten years or less and the offense for which he was convicted is not specifically excluded by statute, he does not fall within the parameters of the statute in question, as he was sentenced as a Range II offender. Regardless, the defendant has failed to establish his "suitability for full probation." *See State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); T.C.A. § 40-35-303(b). A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 201 Tenn. 156, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other ground by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000)). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

The record establishes that the defendant has two prior probation revocations, committed the instant offense while on conditional release, and has an extensive criminal

history. His prior convictions include statutory rape, identity theft, driving under the influence, fraud, theft, and assault. We cannot conclude that the court erred in ordering a sentence of incarceration. The defendant is entitled to no relief on this issue.


_____

JOHN EVERETT WILLIAMS, JUDGE